IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CITIBANK, N.A.<br><br>Plaintiff<br><br>vs<br><br>COMITE ECUMENICO PARA EL DESARROLLO ECONOMICO COMUNITARIO (CEDECO), INCORPORADO,<br>DUES DEVELOPMENT, S.E.<br><br>Defendants | CIVIL 06-1663CCC |

**O R D E R**

This is a foreclosure action filed on June 30, 2006[1] by Citibank, N.A. (Citibank) against Comité Ecuménico para el Desarrollo Económico Comunitario (CEDECO) based on a loan agreement (see Exhibit 1 of the Amended Complaint) which was amended to extend the maturity date of the promissory note for thirty (30) days from February 18, 2006 to March 20, 2006, and guaranteed by a mortgage encumbering the property as set forth in Deed of First Mortgage Number 147 executed by CEDECO before notary public José Franco-Goméz. See Exhibit 5 of the Amended Complaint.  Citibank has also brought a claim against the contractor of the construction project, Dues Development, S.E. (Dues), pursuant to a completion agreement executed on February 16, 2004 by Dues to and for the benefit of Citibank, whereby the contractor executed a guarantee to the bank in relation to the loan agreement to complete the project in the manner, terms and dates set forth therein.  See Exhibit 10 of the Amended Complaint.

A Case Management Order was entered on July 27, 2006 (docket entry 7), granting the parties until March 16, 2007 to conduct discovery.  On September 14, 2006, CEDECO filed its answer to the Amended Complaint and a Counterclaim (docket entry 12).  It admitted the allegations of the Amended Complaint that made reference to the core documents

---

[1] An amended complaint was filed, incorporating the same exhibits as the original pleading, on August 28, 2006 (docket entry 10).

2

executed by the parties, to wit: the Loan Agreement, Promissory Note, First Amendment to Loan Agreement, Mortgage Note and Mortgage Lien, Pledge and Security Agreement, and Security Agreement Over Improvements, Fixtures and Personal Property. One of the affirmative defenses raised by CEDECO reads as follows:

> 7. In this case, on February 10, 2006 defendant's place of business was searched by the Federal Bureau of Investigations, who seized computer equipment, and an array of documents, containing critical business data. The confiscation of defendant's property caused a delay in the delivery of certain residential units to the qualified buyers, which resulted in an involuntary breach of the loan contract.

(Docket entry 13, p. 5.)

The first two paragraphs of the Counterclaim aver that "the initial interim financing was for $7.2 million dollars of which $3.2 million was advanced as a line of credit" and that "around February 9, 2006 plaintiffs and CEDECO agreed to extend the maturity date of the loan by twelve months . . . plaintiffs [having] described such agreement as a novation or reaffirmation of all the terms, conditions and provisions of the loan." The Counterclaim is based on allegations that Citibank sent disclosure letters "to individual loan applicants, CEDECO's housing unit buyers, advising them that Citibank had filed a mortgage foreclosure proceeding in federal court" and that, if such notices continue, CEDECO would suffer economic damages. See ¶¶ 5 and 8 of the Counterclaim.

In its reply to the Counterclaim, Citibank refers to Exhibit 3 of its pleading, Amendment to the Loan Agreement, specifically to its section 6 entitled "No Novation," which provides that the amendment shall not affect the existing obligations of borrower CEDECO under the loan agreement, that it was not the intention of the parties to constitute a novation of the obligation, and that the loan agreement remained in full force and effect except as specifically amended, referring to the thirty (30) day extension of the maturity date of the mortgage loan. Citibank also averred that the written disclosure advising of the commencement of foreclosure proceedings against CEDECO had been provided by CEDECO itself to unit buyers.

3

Dues answered the Amended Complaint on October 19, 2006 (docket entry 17), acknowledging the existence of the Completion Agreement, claiming compliance yet acknowledging delays in the construction (¶29) and counterclaiming for monies which it alleges were unduly retained plus punitive damages.

By endorsed order dated November 16, 2006, Citibank 's motion requesting entry of default against Dues was denied after considering this defendant's opposition, accompanied by an answer to the Amended Complaint.  The opposition, although acknowledging that Dues had been served since July 18, 2006, raised as justification for the delay that Dues' counsel was under treatment for a serious eye condition.

Against this backdrop, the Court received a Motion Requesting Sanctions Pursuant to Fed.R.Civ.P. Rule 37(d) on March 14, 2007 (**docket entry 23**), supported by exhibits which included copies of the written discovery consisting of a first set of interrogatories, a request for admissions and a request for production of documents both addressed to CEDECO served on January 15, 2007, and correspondence exchanged by the parties for the scheduling of depositions of CEDECO and Dues' representatives.  Amongst this is a March 8, 2000 letter from Carlos M. Vargas-Muñiz, attorney for CEDECO, to Citibank's counsel, where he informs that he "still expect[s] that the party that he represent[ed] w ill produce the answers to interrogatories by Tuesday next week" and that "Mr. Morales (referring to Reverend José Angel Morales-Meléndez, President of CEDECO) would be available for the taking of his deposition on March 23, 2007 at 1:30 P.M. at plaintiff's law firm."  Movant has also attached to its sanctions request copies of interrogatories and a request for production of documents served on Dues on January 15, 2007.  There is also correspondence from plaintiff's counsel to Dues' attorney, Mr. Santos-Rivera, for the scheduling of the deposition of a Dues' representative on March 2007 and a memorandum from plaintiff's law firm dated February 27, 2007 indicating that Mr. Santos-Rivera had informed that he and his client could not attend the deposition on the dates anticipated because of medical conditions.  CEDECO did not submit any response to the sanctions motion; Dues responded on March 15, 2007 with a request for a 45 -day extension to

4

conclude discovery (docket entry 24). Dues' attorney, Santos Rivera, referred to plaintiffs' discovery requests that he had "been unable to handle adequately . . . due to reasons of health impairments" and mentioned an eye surgery to be performed for a serious condition in April 2007. Considering that such extension was requested the date before expiration of the March 16, 2000 discovery deadline, and that the Court was unaware of the nature of the condition, an endorsed order (docket entry 25) was entered on March 19, 2007 requiring Mr. Santos-Rivera to file a sealed medical certificate by March 29, 2007 that described his condition as well as the length of the treatment already received and yet to be received. After four and a half months, we have yet to hear from Mr. Santos-Rivera. What we do know is that plaintiff's written discovery served on January 15, 2007 has not yet been answered by either defendant. This information appears in a joint motion by Citibank and defendant CEDECO filed today, August 3, 2007 (docket entry 28), to convert the pretrial conference set for August 7, 2007 into a status conference. It strikes the Court that CEDECO, after defaulting on discovery for almost seven (7) months, and having raised no justification for this, should request a continuance of the pretrial precisely on the basis of its non-compliance.

In sum, Dues' attorney failed to comply with the Order submitting the medical certificate and has remained silent since March 2007 when such Order was entered. CEDECO, on its part, fairs no better. Both have disregarded the discovery deadline which expired almost five (5) months ago and have failed to justify its failure to respond to written discovery submitted since January 15, 2007 to both of them or to coordinate the scheduling of the depositions of their corporate representatives. Given these circumstances, the Motion for Sanctions filed by Citibank on March 14, 2007, unopposed, is GRANTED. Accordingly, the answers and counterclaims filed by CEDECO and Dues on September 14, 2006 (**docket entry 12**) and October 19, 2006 (**docket entry 17**), respectively, are STRICKEN for their blatant disregard of plaintiff's outstanding discovery requests. The Clerk of Court shall enter default against defendants CEDECO and Dues. Plaintiff shall file a motion for judgment by default, duly supported by the necessary documentary evidence and

affidavit(s), no later than AUGUST 17, 2007.

The Urgent Motion Notifying the Court of Deterioration of Citibank's Collateral, for Entry of Judgment and Hearing (**docket entry 27**), which requests that the counterclaims be dismissed and default judgment entered, is rendered MOOT.

**The pretrial/settlement conference set for August 7, 2007 is VACATED**.  The Joint Motion to Convert Pretrial Conference into Status Conference (**docket entry 28**) has been rendered MOOT.

**The September 26, 2007 trial setting is also VACATED**.

SO ORDERED.

At San Juan, Puerto Rico, on August 7, 2007.

                                                      S/CARMEN CONSUELO CEREZO
                                                      United States District Judge